IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID CHAVER-CASTILLO,

Petitioner,

vs.

JEROME KRAMER, in his official
capacity as Sheriff of Lincoln County,
et al.,

Respondents.

8:26-CV-120

MEMORANDUM AND ORDER
CONDITIONALLY GRANTING
PETITION FOR WRIT OF
HABEAS CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. He was arrested while on legal parole and asserts his detention is unlawful. The government asserts a hearing is not necessary, filing 7 at 17, and the Court agrees. The Court will conditionally grant the petition.

The petitioner is a citizen of Honduras. In August 2023, he entered the United States and was inspected near Eagle Pass, Texas. He was not taken into custody or arrested, but released on an order of recognizance and placed in removal proceedings. *See* filing 7-1 at 1. He filed an application for asylum, which is still pending before the Board of Immigration Appeals. *See* filing 7 at 5. On August 12, 2025, the petitioner attended a scheduled immigration check-in in Minnesota. Filing 1 at 7; filing 7 at 5. Immigration and Customs Enforcement arrested him, purportedly revoking his order of recognizance by an arrest warrant. *See* filing 7-2 at 1. He is currently detained in North Platte, Nebraska.

Because the petitioner was on conditional parole pursuant to 8 U.S.C. § 1226(a)(2)(B) when he was detained, the Court will conditionally grant the petition for the reasons articulated by the undersigned in *Dos Santos Silva v.*

*Warden, Lincoln County Detention Center*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026).

IT IS ORDERED:

1.   The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2.   The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before April 15, 2026**.

3.   If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

4.   **On or before April 18, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 8th day of April, 2026.

BY THE COURT:

_____

John M. Gerrard
Senior United States District Judge