IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID CHAVER-CASTILLO,

Petitioner,

vs.

JEROME KRAMER, in his official capacity as Sheriff of Lincoln County, et al.,

Respondents.

8:26-CV-120

ORDER

The petitioner in this case alleged that he was being detained unlawfully (filing 1), and the Court conditionally granted his petition for writ of habeas corpus, ordering the government to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations. Filing 13. A hearing was held by an immigration judge on April 14, 2026, but bond was denied. Filing 20-1. The immigration judge relied on the petitioner's arrest record and other circumstances to find he was a danger to the community and a flight risk. Filing 20-1 at 1. The petitioner appealed and, on May 1, the immigration judge issued a more detailed order explaining the basis for denying bond. Filing 20 at 5; filing 20-2. The appeal is still pending. Filing 20 at 5.

The petitioner has now filed a motion asking the Court to enforce its order, alleging that the bond hearing the government provided was constitutionally inadequate. Filing 16. Specifically, the petitioner asserts that the immigration judge didn't make findings of fact based on the record, didn't permit him to make an argument on his own behalf, and didn't make an individualized determination. Filing 16 at 1. He did not, he concludes, receive a fair hearing. Filing 16 at 2.

The Court agrees that compliance with its order required not just the form of a bond hearing, but the substance, requiring notice to the petitioner and a reasonable opportunity to adduce evidence relevant to the immigration judge's determination. *See Lopez Garcia v. Bondi*, No. 0:26-CV-1513 (D. Minn. Mar. 2, 2026). The record indicates that the petitioner was given notice of the hearing and his opportunity to obtain counsel and present evidence, but did neither. Filing 20 at 4. The immigration judge's finding that the petitioner is a danger to the community is supported by a history of alleged domestic violence offenses and violation of a protection order, none of which is denied in the petitioner's motion. *See* filing 16; filing 20-2 at 3.

There is, in other words, nothing in the record to indicate that the petitioner was denied an opportunity to be heard or that the immigration judge's decision wasn't an individualized determination based on the evidence. And of course, this Court does not review the immigration judge's decision de novo, or even for an abuse of discretion—this Court doesn't review the immigration judge's decision *at all*. *See Gvritishvili v. Mullin*, No. 4:26-CV-3123, 2026 WL 1362439, at *1 (D. Neb. May 15, 2026). His remedy is with the Board of Immigration Appeals, not this Court. *See id.* Accordingly,

IT IS ORDERED that the petitioner's motion to enforce (filing 16) is denied.

Dated this 16th day of June, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge